Mark L. Javitch (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Plaintiff/Attorney*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Mark L. Javitch,<br><br>        Plaintiff,<br><br>    vs.<br><br>DENTEMAX, LLC<br>ADROIT HEALTH GROUP, LLC<br>ADROIT HEALTH SOLUTIONS, LLC<br>ADROIT HEALTHCARE, LLC<br>ADROIT INSURANCE SOLUTIONS, LLC<br>GN HEARING CARE CORP,<br>ACCESS ONE CONSUMER HEALTH, INC., and<br>OUTLOOK VISION SERVICES, LLC<br><br>        Defendants. | Case Number: 4:19-cv-00289-DMR<br><br>**CORRECTED FIRST AMENDED COMPLAINT AGAINST DEFENDANT GN HEARING CARE CORP.**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Mark L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant DENTEMAX, LLC (Defendant "Dentemax"), Defendant ADROIT HEALTH GROUP, LLC, Defendant ADROIT HEALTH SOLUTIONS, LLC, Defendant ADROIT HEALTHCARE, LLC, Defendant ADROIT INSURANCE SOLUTIONS, LLC, (together, the "Adroit Defendants"), Defendant GN HEARING CARE CORP, Defendant ACCESS ONE CONSUMER HEALTH, INC., and Defendant OUTLOOK VISION SERVICES, LLC (together "Defendants") to stop placing hundreds of calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

SECOND AMENDED COMPLAINT                                    CASE NO.: 4:19-cv-00289-DMR

Page 1

## NATURE OF THE ACTION

2. Defendants sell and operate dental, hearing and vision plans that offer discounts to consumers. As a part of marketing their products and services, Defendants and their agents placed hundreds of calls to Plaintiff's cell phone. When Plaintiff answered, Defendants played Plaintiff a prerecorded voice advertisement.

3. Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone hundreds of times, and Defendants are therefore liable for many common law torts and in violation of many statutes, including the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6. By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are actual and recognized by statute.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

# PARTIES

8. Plaintiff Mark Javitch is a natural person and is a citizen of the Northern District of California.

9. Defendant DENTEMAX, LLC (Defendant "DenteMax") is a limited liability company organizing and existing under the laws of the State of Delaware with its principal place of business at 25925 Telegraph Road, Suite 400, Southfield, Michigan 48033.

10. Defendant ADROIT HEALTH GROUP, LLC is a limited liability company organizing and existing under the laws of the State of Texas with its principal place of business at 1575 Heritage Drive, Ste 200, McKinney, TX 75069-3388.

11. Defendant ADROIT HEALTH SOLUTIONS, LLC is a limited liability company organizing and existing under the laws of the State of Texas with its principal place of business at 1575 Heritage Drive, Ste 200, McKinney, TX 75069-3388.

12. Defendant ADROIT HEALTHCARE, LLC is a limited liability company organizing and existing under the laws of the State of Texas with its principal place of business at 1575 Heritage Drive, Ste 200, McKinney, TX 75069-3388.

13. Defendant ADROIT INSURANCE SOLUTIONS, LLC is a limited liability company organizing and existing under the laws of the State of Texas with its principal place of business at 1575 Heritage Drive, Ste 200, McKinney, TX 75069-3388.

14. Defendant GN HEARING CARE CORPORATION ("Defendant GN") is a limited liability company organizing and existing under the laws of the State of California with its principal place of business at 2601 Patriot Blvd, Glenview, IL, 60026.

15. Defendant ACCESS ONE CONSUMER HEALTH, INC. ("Defendant Access One") is a corporation organizing and existing under the laws of the State of Florida with its principal place of business at 84 Villa Rd, Greenville SC, 29615.

16. Defendant OUTLOOK VISION SERVICES, L.L.C ("Defendant Outlook") is a limited liability company organizing and existing under the laws of the State of Arizona with its principal place of business at 1550 E. McKellips Rd., Suite 112 Mesa, Arizona 85203

SECOND AMENDED COMPLAINT                    CASE NO.: 4:19-cv-00289-DMR

Page 3

**JURISDICTION AND VENUE**

17. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

18. This Court has supplemental jurisdiction over all Plaintiff's California and common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

19. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

20. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

**DEFENDANTS CALL PLAINTIFF HUNDREDS OF TIMES**

21. On January 14, 2019, Plaintiff was at his home in San Mateo County, California. Plaintiff received a call from Defendants at 11:15 a.m. on his cell phone.

22. When Plaintiff answered the call, he heard a prerecorded voice message.

23. Plaintiff was familiar with the prerecorded message because he had heard it hundreds of times before.

24. Defendants had called Plaintiff's **_phone 2-3 times daily_** for more than a year.

25. The prerecorded voice was very distinctive, so it was easy to remember and equally as annoying.

26. The prerecorded voice was a casual young man who started the recording each time by saying "hey, it's Brandon," before explaining Defendants' advertisement.

SECOND AMENDED COMPLAINT                    CASE NO.: 4:19-cv-00289-DMR

Page 4

27. Plaintiff usually hung up when "Brandon" called, feeling tricked into answering Defendants' phone calls that wasted his time and prevented him from using his phone legitimately.

28. Brandon's voice prompted Plaintiff to "press one" to learn more.

29. Plaintiff pressed one and was then connected with a live telemarketing agent.

30. The agent offered a dental, hearing and vision plan from Defendants that offered discounts on common dental services, such as fillings, extractions, bridges, dentures, and complex oral surgery.

31. The agent then directed Plaintiff to a1healthcare.com, one of the websites operated by and selling products by Defendants.

32. The plan also included discounts on hearing services administered by Defendant Beltone and discounts on vision services offered by Defendant Outlook and administered by Defendant Access One.

**DEFENDANTS FALSIFIED AND ROTATED THEIR CALLER ID NUMBERS**

33. Not only did Defendants call Plaintiff's phone hundreds of times when Plaintiff was trying to screen Defendants' calls, Defendants used tactics to trick Plaintiff into answering their calls more often.

34. Defendants placed this particular January 14th phone call from the phone number 402-928-5520, which was similar to Plaintiff's number – who also has a "402" area code.

35. Plaintiff is more likely to answer a call from the "402" area code – because of his contacts in that area code, Plaintiff is inclined to believe that it could be an important call from someone that he knows.

36. Defendants concealed their actual phone number and "spoofed" a phone number beginning with "402" in order to trick Plaintiff into answering a familiar number.

37. When Plaintiff answered their cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded advertisement.

38. Sometimes Plaintiff was tricked so badly that he actually put legitimate callers on hold or asked to call them back because he thought a real person was calling, when it was only "Brandon," Defendants' automated caller.

39. Upon information and belief, Defendants do not have a call center in the "402" area code, therefore the purpose of calling Plaintiff from this area code could only have been to harass and deceive Plaintiff into answering a call he was attempting to screen.

40. Defendants' "402" number was "spoofed" because calling the number back does not dial a valid number.

41. As an additional measure, Plaintiff also tried to defend against Defendants' harassing calls by blocking their number using his cell phone.

42. However, Defendants next bad faith tactic thwarted Plaintiff's legitimate efforts to block Defendants' number.

43. Defendants often used a fresh bank of "402" numbers in calling Plaintiff so that even if Plaintiff blocked Defendants' number, Defendants would just call from another "402" number. So effectively, Plaintiff could not block Defendants' number. Thus, each new phone call from a new "402" number would be a fresh dirty trick played on Plaintiff to induce him to answer.

**FIRST CAUSE OF ACTION**
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Defendants and/or their agents placed hundreds of telephone calls to Plaintiff's cellular telephone.

46. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

47. Defendants' calls were made for the purpose of marketing and advertising Defendants' dental, hearing and vision plans. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

48. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

49. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop their illegal calling.

50. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

51. Defendants' "spoofing" of phone numbers to appear like familiar numbers to Plaintiff and Defendants' use of fresh 402 numbers to thwart Plaintiff's call blocking are bad faith tactics that show Defendants' conduct is *knowing* and *willful* under 47 U.S.C. § 227(b)(3)(C).

52. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of California Do Not Call Law
Cal. Bus. & Prof. Code §17592
(Against all Defendants)

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. Cal. Bus & Prof. Code §17592(c)(1) prohibits telemarketers from calling California cell phones on the federal "Do Not Call" list and attempting to sell services.

55. Plaintiff registered his cell phone number on the Federal Do Not Call List in February 2012.

56. Plaintiff has lived in California since 2013.

57. Therefore, Defendants have repeatedly violated §17592(c)(1) by calling Plaintiff's cell phone hundreds of times attempting to sell dental, hearing and vision plans.

58. Plaintiff has and continues to incur damages that are actual and recognized by statute.

59. Plaintiff has a private right of action under §17204.

### THIRD CAUSE OF ACTION
Violation of California False Advertising Law
Cal. Bus. & Prof. Code §17500
(Against all Defendants)

60. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61. The California False Advertising Law generally prohibits "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code §17500.

62. Defendants' calls to Plaintiff constitute direct advertising statements.

63. Defendants' advertising statements are untrue or misleading, and a reasonable person is likely to be misled or deceived.

64. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

65. Defendants' false statements were material in Plaintiff's decision to answer the phone.

66. Plaintiff did so answer the phone based on Defendants' misrepresentation and has and continues to incur actual and statutory damages as a result.

### FOURTH CAUSE OF ACTION
Fraudulent Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
(Against all Defendants)

67. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68. The fraudulent prong of California's Unfair Competition Law prohibits business practices that are likely to deceive the public.

69. Defendants' trick him into answering illegally-placed by using fake phone numbers constitutes a fraudulent business practice.

70. Defendants' practice is fraudulent under this section because members of the public are likely to be deceived by this practice.

71. Plaintiff answered the phone hundreds of times based on Defendants' deceptive business practice and has and continues to incur damages that are actual recognized by statute.

72. Plaintiff is entitled to restitution or injunctive relief under this section.

**FIFTH CAUSE OF ACTION**
Unfair Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

73. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74. The unfair prong of California's Unfair Competition Law prohibits unfair business practices that either offend an established public policy or that are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

75. Defendants' calls to Plaintiff from fake phone numbers designed to trick him into answering illegally-placed calls offend California's public policy preference for California citizens to be free from harassment by telemarketers calling without their consent.

76. Defendants' calls to Plaintiff from fake phone numbers to trick him into answering illegally placed calls is a business practice that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

77. The utility of Defendants' illegal calls from fake phone numbers is very low (as the calls are outlowed) and is vastly outweighed by the serious gravity of harm in the incursion on Plaintiff's privacy in being tricked into answering.

78. Plaintiff answered the phone hundreds of times based on Defendants' unfair business practices and has and continues to incur damages that are actual and recognized by statute.

79. Plaintiff is entitled to restitution or injunctive relief under this section.

### SIXTH CAUSE OF ACTION
Intentional Fraud / Misrepresentation
(Against all Defendants)

80. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

81. Defendants made an intentionally false misrepresentation by calling Plaintiff from a Caller ID number that showed it originated from the same area code as Plaintiff's cell phone.

82. Defendants had knowledge of the phone number's falsity. Defendants called Plaintiff from his home town area code to trick him into answering. Defendants' call center was not actually located in Plaintiff's home town.

83. Defendants intended to defraud and induce Plaintiff's reliance by persuading him to answer by falsely displaying a Caller ID number from his home town.

84. Since Plaintiff regularly gets legitimate calls from the same area code, Plaintiff justifiably relied on the misrepresentation in deciding to answer the call.

85. Plaintiff has and continues to incur damages that are actual and recognized by statute.

### SEVENTH CAUSE OF ACTION
Negligent Misrepresentation
(Against all Defendants)

86. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

87. Defendants made a misrepresentation of existing fact when they called Plaintiff from a falsified area code.

88. Defendants lacked any reasonable grounds for believing it to be true that they were located in or calling from Plaintiff's home town area code.

89. Defendants intended that Plaintiff rely on their misrepresentation in order to induce Plaintiff into answering the call and hearing Defendants' advertising

90. Defendants efforts at spoofing and using fresh 402 numbers was a bad faith effort to further the effectiveness of Defendants' illegal conduct by sabotaging Plaintiff's legitimate efforts to screen calls from Defendants.

91. Plaintiff effectively had no way to screen Defendants' calls because he could not distinguish between legitimate and fraudulent calls from Plaintiff's area code.

92. Seeing the misrepresented "local" area code, Plaintiff justifiably relied on Defendants' misrepresentation in deciding to answer Defendants' calls.

93. As a result of being called on his cell phone and hearing Defendants' prerecorded advertisements hundreds of times, Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

### EIGHTH CAUSE OF ACTION
Negligence
(Against all Defendants)

94. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

95. Defendants had a legal duty to use due care in their dealings with Plaintiff.

96. Defendants breached that duty by calling Plaintiff's cell phone hundreds of times in violation of state and federal statutes and causing liability for common law torts.

97. Defendants' breach was the proximate or legal cause of Plaintiff's injury.

98. Plaintiff has incurred and continues to incur damages that are actual and recognized by statute.

**NINTH CAUSE OF ACTION**
Gross Negligence
(Against all Defendants)

99. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

100. Not only was Defendants' conduct towards Plaintiff negligent, as alleged above, it was grossly negligent.

101. By intentionally designing a bad-faith strategy of calling Plaintiff from rotating, familiar-looking Caller ID numbers designed to trick Plaintiff into answering Defendants' calls and preventing him from screening, and indeed succeeding hundreds of times in getting Plaintiff to answer and necessitating a federal lawsuit, Defendants' conduct is such an extreme departure from the ordinary standard of care owed to Plaintiff that it constitutes gross negligence.

102. Plaintiff has and continues to incur damages that are actual and recognized by statute as a result of Defendants' gross negligence.

**TENTH CAUSE OF ACTION**
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200.
(Against all Defendants)

103. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

104. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

105. Each of Defendants' hundreds of violations of 47 U.S.C. §227(b)(1)(A)(iii), Cal. Civ. Code §1770(a)(22)(A), Cal. Civ. Code §17592(c)(1), Cal. Civ. Code §17500, the unfair and fraudulent prongs of Cal. Civ. Code §17200, and their intentional fraud, negligent misrepresentation, negligence, and gross negligence vis a vis Plaintiff as described herein all constitute separate and cumulative violations of §17200.

106. Plaintiff has and continues to incur damages that are actual and recognized by statute.

107.  Plaintiff is authorized to pursue a private right of action against Defendant under §17204.

108.  Plaintiff is also entitled to injunctive relief under this section.

**ELEVENTH CAUSE OF ACTION**
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Injunctive Relief Against all Defendants under §1780)

109.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

110.  Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

111.  Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

112.  By playing a prerecorded voice message to Plaintiff's cell phone hundreds of times without first asking for his consent with a natural voice, Defendants have repeatedly violated Cal. Civ. Code §1770(a)(22)(A).

113.  Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

114.  Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a).

**PRAYER FOR RELIEF**

115.  WHEREFORE, Plaintiff Mark Javitch prays for the following relief:

a)  An injunction requiring Defendants to cease all calls to Plaintiff;

b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

d) An order declaring that Defendants' actions, as set out above, violate California's Do Not Call Law §17592(c)(1);

e) An order declaring that Defendants' actions, as set out above, violate the unfair prong of California's Unfair Competition Law §17200;

f) An order declaring that Defendants' actions, as set out above, violate the fraudulent prong of California's Unfair Competition Law §17200;

g) An order declaring that Defendants' actions, as set out above, cause Defendants liability for intentional misrepresentation and fraud;

h) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligent misrepresentation;

i) An order declaring that Defendants' actions, as set out above, cause Defendants liability for negligence;

j) An order declaring that Defendants' actions, as set out above, cause Defendants liability for gross negligence;

k) An order declaring that Defendants' actions, as set out above, violate the unlawful prong of California's Unfair Competition Law §17200;

l) An order declaring that Defendants' actions, as set out above, violate the California's Consumers Legal Remedies Act §1770(a)(22)(A);

m) An award of actual and/or statutory damages and civil penalties;

n) An award of reasonable attorneys' fees and costs; and

o) Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

SECOND AMENDED COMPLAINT                    CASE NO.: 4:19-cv-00289-DMR

Page 14

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  |                                                                 |
| 2  |                                                                 |
| 3  |                                                                 |
| 4  |                                                                 |
| 5  | Dated: March 10, 2019                                           |
| 6  | Respectfully submitted,                                         |
| 7  |                                                                 |
| 8  | MARK L. JAVITCH                                                 |
| 9  |                                                                 |
| 10 | By: /s/ Mark L. Javitch            .                            |
| 11 | Mark L. Javitch (SBN 323729)                                    |
| 12 | Mark L. Javitch, Attorney at Law                                |
|    | 210 S. Ellsworth Ave #486                                       |
| 13 | San Mateo CA 94401                                              |
|    | Tel: 402-301-5544                                               |
| 14 | Fax: 402-396-7131                                               |
| 15 | *Plaintiff/Attorney*                                            |

SECOND AMENDED COMPLAINT                    CASE NO.: 4:19-cv-00289-DMR